UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HANS TUPPER BARBOZA,
                            Plaintiff,

              -v-

DOREEN ANN HUGHES JIRON,
                            Defendant.

24-CV-5995 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      This is an action for conversion and for an accounting regarding several million dollars between Plaintiff Hans Tupper Barboza and Defendant Doreen Ann Hughes Jiron, who are parties to a divorce proceeding pending in Costa Rica.

      On December 5, 2024, the Court stayed this case pending the Costa Rican divorce court's determination of its jurisdiction over the disputed assets. (*See* ECF No. 30 ("Stay Order").) The Court weighed the factors set out in *Royal and Sun Alliance Insurance Co. of Canada v. Century International Arms, Inc.*, 466 F.3d 88 (2d Cir. 2006), governing abstention in the interest of international comity, concluding that all but one of them weighed in favor of a stay pending the resolution of the parallel proceeding in Costa Rica. (*See* Stay Order at 3-10.) In particular, the facts that the Costa Rican action was filed first, involves the same parties and issues that may be dispositive of this case, and is before an adequate forum for determining its own jurisdiction over the assets all weighed in favor of a stay. (*Id.* at 5-9.) So did the relative connections of the forums, as whether the contested assets fall within the ambit of the Costa Rican divorce proceeding bears directly on the relative strengths of Costa Rica's and the United States' connections to the case. (*Id.* at 9-10.) Still, the Court noted that Plaintiff had raised a concern about prejudice pending the Costa Rican court's determination because "he [had] reason to

1

believe funds [were] being depleted and thus immediate discovery [was] necessary to account for them." (*Id.* at 8.) But the Court concluded that the concern was too speculative to warrant moving ahead of the divorce court, especially because Plaintiff failed to allege any wrongdoing by Defendant, because the Costa Rican court was likely to determine its jurisdiction over the funds within six months, and because an accounting is available as part of the divorce proceedings. (*See id.* at 9.) Finally, the Court ordered the parties to file a joint status letter upon either the Costa Rican court's determination of its jurisdiction over the disputed funds or, in any event, within 180 days. (*Id.* at 12.)

The parties filed a status letter on June 2, 2025, indicating that "[t]he divorce proceeding in Costa Rica remains pending" and that "the Costa Rican court has not issued any substantive determination . . . as to its jurisdiction over the disputed funds." (ECF No. 31.) On June 6, 2025, Plaintiff filed a letter motion requesting that the Court lift the stay and permit discovery to proceed pursuant to a new scheduling order. (ECF No. 32.) Defendant opposed the motion, arguing that the stay should remain in effect. (ECF No. 33.)

Although Plaintiff is correct that the elapsed time between the Stay Order and now somewhat strengthens his argument for prejudice, the Court concludes that the *Royal and Sun Alliance* factors still weigh in favor of a stay. This is, after all, an action for conversion of funds that may well be marital assets that are the subject of a first-filed, ongoing foreign divorce proceeding between the same parties. Depending on the Costa Rican court's determination of its own jurisdiction, this action may be wholly unnecessary or the exclusive forum for Plaintiff to obtain the relief he seeks. That wide variance in outcomes—all hinging on the looming determination of a court in another jurisdiction—weighs strongly in favor of waiting, as does the lack of any new evidence suggesting Plaintiff has actually been prejudiced during the stay.

As Defendant points out, "[t]he only change since [the] December 5th Order in this instant matter has been time." (ECF No. 33 at 5.) Eventually, the potential for prejudice from continuing to wait on the Costa Rican court may grow enough to overwhelm the other *Royal and Sun Alliance* factors. But for now, only six months after the Stay Order and while "the Costa Rican Family Court Clerk has confirmed that the file is with the Judge for the purpose of rendering a decision" (*id.* at 4), the Court concludes that it is too early to lift the stay.

The parties are directed to submit a joint status letter concerning the progress of the pending divorce action in Costa Rica upon the divorce court's determination of its jurisdiction over the disputed funds, or in any event within 180 days of the date of this Order. If the status quo changes materially during that time, Plaintiff may also move sooner for the stay to be lifted.

Plaintiff's request to lift the stay is denied.

The Clerk of Court is directed to close the motion at ECF No. 33.

SO ORDERED.

Dated: June 24, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge